UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DION HARTSFIELD,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>SHERIFF JOE LOMBARDO, et al.<br><br>　　　　　　　　　　　Defendants. | Case No. 2:15-cv-00736-APG-PAL<br><br>**ORDER**<br><br>(IFP Application – Dkt. #5) |

This matter is before the Court on Plaintiff Dion Hartfield's Application to Proceed *In Forma Pauperis* (Dkt. #5) filed July 30, 2015. Plaintiff is a prisoner proceeding in this civil rights action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), and submitted a Complaint. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(a) and LR 1-3 and 1-9.

On May 26, 2015, the Court entered an Order (Dkt. #3) denying Plaintiff's first IFP Application (Dkt. #1) without prejudice due to his failure to include a copy of his inmate trust account as directed by 28 U.S.C. § 1915(a)(2) and Local Rules LSR 1-1 and 1-2. The Court ordered Plaintiff to file a new application within 30 days along with all required forms: (1) signed and executed financial certificate, (2) a signed and executed financial affidavit, and (3) a statement of his inmate trust account. Plaintiff failed to do so. Thus, on July 20, 2015, the Court entered a Report of Findings and Recommendation (Dkt. #4) recommending that the case be dismissed for Plaintiff's failure to submit the completed application as required by the Court's Order (Dkt. #3).

Plaintiff did not file an objection to the Court's Report of Findings and Recommendation; however, he filed a corrected IFP Application (Dkt. #5) on July 30, 2015. As such, the Court

will withdraw and set aside the Report of Findings and Recommendation and evaluate the new IFP Application.

Plaintiff's financial affidavit shows that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed IFP will be granted pursuant to 28 U.S.C. § 1915(a). Plaintiff must pay an initial partial filing fee of the greater of twenty percent of the average monthly deposits or twenty percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's average monthly balance is $16.69, and his average monthly deposits are $116.67. Therefore, the Court finds that Plaintiff must pay an initial partial filing fee of $23.33 and Plaintiff shall have until **September 14, 2015**, to submit his partial filing fee. Upon receipt of the initial partial filing fee, the Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity"). Plaintiff is advised that even if this action is dismissed, he must still pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

Accordingly,

**IT IS ORDERED:**

1. The Report and Recommendation (Dkt. #4) is WITHDRAWN and SET ASIDE.
2. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) is GRANTED. He shall be required to pay an initial partial filing fee in the amount of $23.33 toward the full filing fee of $350.00.[1]  Plaintiff shall have until **September 19, 2015**, to have the $23.33 initial partial filing fee sent to the Clerk of the Court. Failure to do so may result in a recommendation to the district judge for dismissal of this action. Even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.

---

[1] Pursuant to the court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

2

§ 1915(b)(2). Upon receipt of the initial partial filing fee, the Court will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915§§ 1915(e)(2) and 1915A(a).

3. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *in forma pauperis* status shall not extend to issuance or service of subpoenas at government expense.

4. The Clerk of Court shall provide Plaintiff with two copies of this Order. Plaintiff is ordered to make the necessary arrangements to have one copy of this Order attached to a check in the amount of the initial partial filing fee designated herein.

5. Pursuant to 28 U.S.C. § 1915(b)(2), the High Desert State Prison shall forward to the Clerk of the United States District Court, District of Nevada, twenty percent (20%) of the preceding month's deposits to Plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office and the Accounting Supervisor of the High Desert State Prison. If Plaintiff should be transferred, the Accounting Supervisor at High Desert State Prison is directed to send a copy of this Order to the new place of incarceration, indicating the amount that Plaintiff has paid towards his filing fee, so that funds may continue to be deducted from Plaintiff's account.

Dated this 18th day of August, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE